## Crean's Estate

Before Lamorelle, P. J., and Henderson, Van Dusen, Stearne, and Sinkler, JJ.

*Charles L. Smyth*, for petitioner.

*Frederick C. Newbourg, Jr.*, and *Ballard, Spahr, Andrews & Ingersoll*, contra.

SINKLER, J., June 28, 1935.—The real purpose of this petition is to procure from this court by decree, or possibly by declaratory judgment, the insertion of a new covenant in a ground rent deed whereby the terre-tenant will agree to pay the sum stipulated to be paid for the extinguishment of the ground rent reserved in the deed.

The respondent in his argument quotes from Fallon on The Law of Conveyancing, 444, written in 1902: "In no case can the ground-rent landlord ever demand payment of the principal". This would be more accurately stated as follows: "There is no principal sum of which the landlord can ever demand payment". A ground rent has been defined as an estate of inheritance in the rent. A mortgage, on the contrary, is personal estate and is in effect a pledge of real estate as security for the payment of a debt whereof the principal is, as the word itself designates, the primary or original debt which the mortgagor agrees to pay, as well as the interest thereon. The deed of convey-

ance creating the ground rent not only conveys the title to the real estate involved but contains various covenants on the part of both the grantor and grantee. We have no power to alter the covenants contained in the deed now before us. Equally we have no power to insert into the deed a covenant imposing upon one party thereto a contractual obligation not undertaken by the deed and to confer upon the other party contractual rights not contained therein.

The ground rent deed in the present case is in the form commonly used at the time it was executed. It does not contain a covenant on the part of the ground rent tenant for the payment of a stipulated sum to extinguish the rent at a fixed date or upon demand of the ground rent landlord. It is a matter of common knowledge that some years after the deed in the present case was executed a covenant was frequently included in ground rent deeds whereby the terre-tenant agreed to pay a stipulated sum to extinguish the ground rent at a fixed date as well as other covenants theretofore found only in mortgages. But unless such a covenant exists in a ground rent deed there is no right on the part of the ground rent landlord to enforce payment of such a sum which may be loosely and inaccurately described as the principal of the ground rent.

The relevant facts are briefly as follows:

The testator died February 22, 1860, seized of premises 1344 Chestnut Street. The residue of his estate, including said premises, is given in trust for designated nephews, nieces, grandnephews and grandnieces, and upon the death of the survivor of them to divide the principal among their issue, per stirpes, and in case they all died without leaving issue surviving them, then to his heirs or next of kin. His will contains a power of sale either in fee or on ground rent as to his real estate.

In 1896 the substituted trustee filed a petition setting forth that various life tenants had died both with and without issue, that such issue had succeeded to their parent's interests under the will, that two of the life tenants were

still living and that there were various minors in remainder, for all of whom guardians had been appointed; that the said premises, 1344 Chestnut Street had been leased in 1884 at a yearly rental of $6,000 a year for 5 years and thereafter from year to year; that subject to the approval of the court he had entered into an agreement with The Real Estate Trust Company of Philadelphia for the sale of said premises upon an annual ground rent of $8,000, redeemable at the option of the company at any time after 15 years by the payment of $200,000; that the petitioner believed that the said sale was the best that could reasonably be made and would be for the interest and advantage of the parties in interest, could be done without injury or prejudice to any trust and that it was the purpose of the petition and of the sale prayed for to bar all estates tail and to defeat all contingent remainders.

An answer was filed by all parties in interest, including the present petitioner, agreeing to the petition and requesting that the prayer thereof be granted.

A decree was entered December 7, 1896, authorizing the said sale for a yearly ground rent of $8,000, redeemable at the option of the Real Estate Trust Company of Philadelphia "at any time after fifteen years by the payment of two hundred thousand dollars". In conformity with and in execution of the decree, the substituted trustee on February 1, 1897, conveyed the premises to The Real Estate Trust Company of Philadelphia reserving the ground rent. Copies of the petition, decree and deed are attached to the petition for citation.

In 1930 the surviving life tenant died. At that time there were 10 remaindermen entitled to divide the principal, to whom distribution was awarded by an adjudication filed February 4, 1931. The balance of principal included, inter alia, the ground rent in question and under the schedule of distribution which was filed and approved, interests in said ground rent were awarded to the parties entitled. A succeeding substituted trustee was the United Security Life Insurance and Trust Company, from which,

acting through the Secretary of Banking, the undivided purparts or shares in said ground rent were conveyed to the parties entitled as tenants in common by deed dated June 18, 1932. The present petitioner, Elizabeth L. Haeseler, subsequently filed a petition for an inquisition in partition of said ground rent, which proceeding is still pending.

While the real question involved has been stated, in our determination thereof certain other questions are raised in the proceedings which require determination. The petition recites that this court was without jurisdiction under the Act of April 3, 1851, P. L. 305, which was the predecessor to the Price Act of April 18, 1853, P. L. 503, to authorize the sale of real estate involving the reservation of a ground rent in part payment of the purchase money. Since the facts upon which the order of sale are based in the present case are within the authority of the Act of 1853, known as the Price Act, it is not requisite that the facts be within the terms of the earlier act of assembly.

It is also argued in behalf of the petitioner that the sale in the present case contravenes section 9 of the Price Act in that no time is fixed within which the principal sum may be demanded. The section in question prohibits the accumulation of income but is not relevant to the petitioner's complaint.

The briefs of both petitioner and respondent discuss at considerable length the Act of April 22, 1850, P. L. 549, the decision of the Supreme Court in Palairet v. Snyder, 106 Pa. 227, and the Act of June 24, 1885, P. L. 161. We briefly summarize the acts of assembly in question and the decision referred to.

The Act of 1850 was designed to prevent the creation of irredeemable ground rents. The decision in Palairet v. Snyder held that irredeemable ground rents could be lawfully made in a manner which was not expressly prohibited by the Act of 1850. In consequence of this decision the Act of 1885 was enacted which effectively prevents the creation of irredeemable ground rents in any

manner, but neither of these acts, nor any other legislation, creates a covenant on the part of the terre-tenant that he will at any time pay the sum stipulated for redemption.

Further discussion is not required because of our decision that the prayer of the petition in the present case must be denied because we have no authority by decree or otherwise to alter or add to the covenants contained in the deed in question.

The petition is dismissed.